UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THEODORE JACKSON, | ) | Case No.: 1:03 CV 2525 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| OHIO DEPARTMENT OF | ) | |
| REHABILITATION & CORRECTION, | ) | |
| | ) | |
| Respondent | ) | ORDER |

On January 7, 2004, Theodore Jackson ("Mr. Jackson" or "Petitioner") filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his February 9, 2001, guilty plea and sentence. After Respondent submitted its answer and return of writ, and shortly before Petitioner's traverse was due, Petitioner moved to voluntarily dismiss his habeas claim so that he could pursue available state remedies. This case was referred to Magistrate Judge George J. Limbert for preparation of a report and recommendation. The Magistrate Judge issued an Initial Report and Recommendation on September 29, 2004 (ECF No. 37), recommending that Mr. Jackson's Motion be denied and the court proceed to rule on the habeas petition. The Magistrate Judge concluded that if

Petitioner could present his federal due process claim to a state court, such an effort would be futile based on the state habeas court's rejection of a related state due process claim. On January 25, 2005, this court adopted the findings of the Magistrate Judge as its own (ECF No. 39) and ordered Petitioner to file his traverse to Respondent's Answer/Return of Writ and Supplemental Answer/Return of Writ within thirty days, on or before February 25, 2005. Mr. Jackson did not file a traverse.

Mr. Jackson raised four grounds of relief in his amended federal habeas petition:

> Ground one: PETITIONER IS IMPRISONED ON A VOID JUDGMENT. BASED ON VOID INDICTMENTS WHERE STATUTES THAT LIMIT SUBJECT MATTER OF COMMON PLEAS COURT R.C. §§2941.401; 2963.30; 2963.32 VIOLATED, IMPRISONMENT ILLEGAL VIA 5TH 14TH AMENDS. U.S.C.A.

> Ground two: PETITIONER [sic] WAIVER OF JURY TRIAL NOT KONWING [sic], VOLUNTARY OR INTELLIGENT WHERE WAIVER IS BASED ON FEAR OF POSSIBLE SENTENCE ENHANCEMENT OF (40) YEARS SHOULD HE GO TO JURY TRIAL AND LOSE, HAD HE KNOWN REPEAT VIOLENT OFFENDER (RVO) WHERE VOID VIA R.C. §2929.01(DD)(2)(i)(ii) HE WOULDN'T WAIVE JURY TRIAL. AMENDS. 5th, 6th, 14th VIOLATED.

> Ground three. PETITIONER DENIED EFFECTIVE ASSISTANCE OF COUNSEL, FOR THAT COUNSELS [sic] FAILURE TO RAISE THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR NOT INVESTIGATING THE VOID (RVO) SPEC., AND INFORMING PETITIONER AND THE TRIAL COURT OF THE SAME IN VIOLATION OF 5th, 6th, 14th AMENDS. U.S.C.A.

> Ground four: THERE IS NO VALID OHIO COURT REMEDY THAT IS FULL OR FAIR TO ADJUDICATE THE PETITIONERS [SIC] FEDERAL CONSTITUTIONAL RIGHTS VIOLATIONS THAT PREVAILED THROUGHOUT THE COMMON PLEAS COURT PROCEEDINGS, AND DIRECT AND THE COLLATERAL ATTACKS ON THE COMMON PLEAS COURT VERDICT,

JUDGMENT, SENTENCE, AND CONVICTION IN VIOLATION OF
5th, 14th AMENDS. U.S.C.A.

On March 18, 2005, the Magistrate Judge issued a report and recommendation ("R&R"). The R&R recommended that Mr. Jackson's Petition be denied and dismissed with prejudice (ECF No. 40). As of the date of this Order, Mr. Jackson has not filed objections to the Report and Recommendation. By failing to do so, he has waived the right to appeal the Magistrate Judge's recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

The court finds, after careful *de novo* review of the Magistrate Judge's R&R and all other relevant documents, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Mr. Jackson procedurally defaulted his first ground for relief and has not shown cause and prejudice or actual innocence to excuse the default; furthermore, the first ground for relief is not cognizable in federal habeas review because it is a claim based solely on state law and does not rise to the level of a deprivation of substantive due process in violation of the United States Constitution. Mr. Jackson also procedurally defaulted his second ground for relief and has not shown cause and prejudice or actual innocence to excuse the default. As to his third ground for relief, Mr. Jackson has failed to show either that his appellate counsel's performance fell below an objective standard of reasonableness or that there was any prejudice resulting from any alleged deficient performance. Finally, as to his fourth claim for relief, the court agrees with the Magistrate Judge that it presents no viable claim that is redressable in this court; furthermore, to the extent that it may be viewed as an argument in support of cause and prejudice to excuse the procedural default of his first two claims of relief, Ohio law did provide remedies for the alleged violations stated in his grounds for relief. However, because Petitioner failed to assert those grounds for relief at the proper times

required by Ohio law, the Ohio courts were prevented from addressing the claims and/or providing remedies.

Accordingly, the court adopts as its own the Magistrate Judge's R&R (ECF No. 40). Mr. Jackson's petition for writ of habeas corpus is hereby denied and dismissed with prejudice, and final judgment is entered in favor of the Respondent. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

April 25, 2005